# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ERIK S. BOWKER,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 1:04-2400** |
| v. | : | **(CONNER, D.J.)** |
| | | **(MANNION, M.J.)** |
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Defendant** | : | |
| | : | |

## REPORT AND RECOMMENDATION

On November 2, 2004, the plaintiff, an inmate at the Federal Correctional Institution at Allenwood, ("FCI-Allenwood"), White Deer, Pennsylvania, filed the instant Federal Tort Claims Act, ("FTCA"), action pursuant to 28 U.S.C. § 2671. On November 22, 2004, the plaintiff filed the appropriate application to proceed in forma pauperis and authorization form. (Doc. Nos. 5 & 6). In addition, the plaintiff filed an amended complaint. (Doc. No. 8). A financial administrative order was issued on the same day. (Doc. No. 7).

Upon review, the plaintiff has brought the instant FTCA action alleging that several agents of the Federal Bureau of Investigation, ("FBI"), as well as a judicial officer, engaged in ". . . intentional, wrongful, and negligent conduct . . .," which resulted in ". . . the torts of false imprisonment, abuse of process, invasion of privacy, assault, battery, negligence, and violations of the rights and immunities afforded under the Ohio Constitution, as well as other torts."

(Doc. No. 8, pp. 1-2).  According to the complaint, most, if not all, of the actions allegedly took place in Youngstown, Ohio.

In a civil action, not based solely on diversity, venue is proper:

only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).  Here, Section b(2) creates proper venue in the Northern District of Ohio since most, if not all, of the alleged incidents complained of occurred in Youngstown, Ohio.

While the plaintiff's choice of venue should not be lightly disturbed, it is not conclusive, and the court must look at the factors set forth in § 1404(a) in rendering an appropriate decision that is in the interest of justice.  See generally, Jumara v. State Farm Insurance Co., 55 F.3d 873, 879 (3d Cir. 1995).

"For the convenience of parties and witnesses, in the interest in justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  Because the instant action is in its early stages, and for the convenience of the parties, the interests of justice lean in favor of transfer of the instant action to the Northern District of Ohio pursuant to 28 U.S.C. § 1404(a).

**IT IS THEREFORE RECOMMENDED THAT:**

1) The instant action be transferred to the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 1404, and;

2) The decision on the application to proceed *in forma pauperis* be referred to the trial court in Ohio .

                                             **s/ Malachy E. Mannion**
                                             **MALACHY E. MANNION**
                                             **United States Magistrate Judge**

**Date:  DECEMBER 20, 2004**
O:\shared\REPORTS\2004 Reports\04-2400